UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff(s), <br><br> vs. <br><br> MOUNTAIN GATE HOMEOWNERS' ASSOCIATION, et al., <br><br> Defendant(s). | Case No. 2:16-cv-00540-JCM-NJK <br><br> ORDER |

Pending before the Court are two orders to show cause. First, the parties were ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 16. Second, Defendant Saticoy Bay LLC Series 6408 Hillside Brooke ("Saticoy Bay") was ordered to show cause why it should not be required to file a supplemental certificate of interested parties identifying all of the persons with a direct pecuniary interest in this case. Docket No. 17. The Court has received responses to the orders to show cause. Docket Nos. 23-25. For the reasons discussed more fully below, the responses to the orders to show cause are unsatisfactory.

**I.     SUBJECT MATTER JURISDICTION**

The Court ordered the parties to explain why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 16. The crux of the jurisdictional uncertainty is that no showing has been made regarding the citizenship of each member of Saticoy Bay. *Id.* at 2. Saticoy Bay responded to the order to show cause by refusing to identify its members, but including a representation by its counsel that its members are all citizens of Nevada. Docket No. 23 at 2. That showing is insufficient.

Plaintiffs are permitted to file a complaint alleging the citizenship of adverse parties on information and belief when the information necessary to determine citizenship is in the control of the adverse party. *See, e.g.*, *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014). What is necessary to establish subject matter jurisdiction changes once the defendants appear, however. In the event defendants appear and challenge subject matter jurisdiction, a district court may allow jurisdictional discovery and re-evaluate its jurisdiction based on the record developed by the parties. *See id.* at 1088. In the event defendants appear and acquiesce in the existence of subject matter jurisdiction, district courts nonetheless remain duty-bound to ensure that jurisdiction exists. *See, e.g.*, *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("a district court's duty to establish subject matter jurisdiction is not contingent on the parties' arguments"). In that situation, a district court may itself require a further showing of citizenship to confirm its jurisdiction. *Carolina Casualty*, 741 F.3d at 1088 (citing *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)).

In this instance, Defendants have appeared and acquiesced in the Court's subject matter jurisdiction over the instant dispute. Because the parties all acquiesce in jurisdiction but the record does not establish diversity among the parties, the Court may require a further showing from the parties. "Once the court sounds the alarm, the litigants must be precise." *Sylver v. Titan Digital Media Ventures, LLC*, 2009 WL 1616118, *2 (C.D. Cal. June 8, 2009) (quoting *America's Best Inns*, 980 F.2d at 1073). As an initial matter, the showing of citizenship in responding to an order to show cause must be made through competent evidence, usually a declaration based on personal knowledge. *America's Best Inns*, 980 F.2d at 1074 ("only the affidavit made on personal knowledge has any value"). Such a declaration must actually identify each relevant person or entity, in addition to their citizenship. *Id.* at 1073 ("It is impossible to determine diversity of citizenship without knowing who the persons in question are"). Such declarations must also be specific to the time frame from which diversity jurisdiction is determined, which is generally the date the complaint was filed. *Id.*; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("Diversity jurisdiction is based on the status of the parties

at the outset of the case").[1]

Saticoy Bay's response to the Court's order to show cause fails in each of these respects. No declaration was filed of any kind, let alone one based on personal knowledge. Instead, the Court was provided solely a representation by counsel in a brief. Docket No. 23 at 2. Counsel fails to identify its members, stating only that they are citizens of Nevada. *Id.* In addition, counsel does not specify the time frame to which the information pertains, but it appears to be related to citizenship as of the date the response to the order to show cause was signed as it is written in the present tense. *Id.*

The hesitation to disclose Saticoy Bay's members appears to be based on unelaborated "privacy and confidentiality reasons." Docket No. 23. at 2.[2] When there is a legitimate need for secrecy, a party generally files a motion to seal addressing the applicable legal standards. *See, e.g.*, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).[3] Saticoy Bay fails to even attempt to meet those standards. Moreover, Saticoy Bay has not even provided the pertinent information to the Court under seal and has, instead, withheld the information altogether. It is unclear what grounds Saticoy Bay has for withholding the pertinent information from the Court itself.

There may well be diversity jurisdiction in this case, but the Court will not make such a determination relying on such a vague and unsubstantiated representation as has been presented in response to the order to show cause. The Court will afford one further opportunity to make a proper showing regarding diversity. Counsel should consult relevant legal authority, including but not limited to the authority outlined herein, and ensure that this further showing is sufficient for the Court to make

---

[1] To be clear, this is not an exhaustive list of the requirements for properly responding to an order to show cause such as the one issued in this case.

[2] Saticoy Bay also references the fact that Nevada statutory law does not require the disclosure of an LLC's membership. *See* Docket No. 23 at 2. This argument is wholly undeveloped. Indeed, Saticoy Bay only references chapter 86 of the Nevada Revised Statutes without any indication as to which particular provision it contends supports its position. At any rate, assuming Nevada law does not require the disclosure of an LLC's members to be formed, Saticoy Bay fails to explain why that is pertinent in any way to the showing required to establish federal subject matter jurisdiction.

[3] The Court herein expresses no opinion as to whether such a motion to seal would be granted.

a finding regarding its citizenship. This declaration shall be filed no later than May 17, 2016.[4] All parties are further ordered to show cause in writing, no later than May 24, 2016, why this case should not be dismissed for lack of subject matter jurisdiction.

## II.    CERTIFICATE OF INTERESTED PARTIES

The Court ordered Saticoy Bay to show cause why it should not be required to file a complete certificate of interested parties identifying (1) its full chain of ownership and (2) the sub-members of any owning entity. Docket No. 17. In this instance, Saticoy Bay's certificate of interested parties identifies only itself, another LLC as its "trustee," and the manager of that LLC. Docket No. 7. Saticoy Bay does not dispute that an LLC's members are interested parties based on the applicable rules, such that federal judges need to know their identity to make informed decisions regarding potential recusal. *See, e.g.*, Local Rule 7.1-1(a) (certificates of interested parties must disclose "all persons, firms, partnerships or corporations . . .that have a direct, pecuniary interest in the outcome of the case").

Once again, it appears Saticoy Bay is simply refusing to provide the required disclosure based on unspecified "privacy and confidentiality reasons." Docket No. 23. at 2. The Court hereby **ORDERS** Saticoy Bay to file, no later than May 17, 2016, a supplemental certificate of interested parties identifying its chain of ownership and the sub-members of any owning entity. If Saticoy Bay believes the standards for sealing can be met, it may file a motion to seal concurrently with the supplemental certificate of interested parties.[5]

IT IS SO ORDERED.

DATED: May 11, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[4] Because the Court is ordering Saticoy Bay to provide the relevant information directly to the Court, Plaintiff's request for jurisdictional discovery is denied as duplicative. *See* Docket No. 24 at 3.

[5] The Court expresses no opinion as to whether that motion to seal will be granted.