UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00540-JCM-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 44) |
| MOUNTAIN GATE HOMEOWNERS' ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court is a motion filed by Defendant Saticoy Bay Series 6408 Hillside Brook ("Saticoy Bay"). Docket No. 44.[1] That motion seeks both an opportunity to file a written brief and a continuance of the hearing set for June 10, 2016. *See id.* For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

One aspect of the pending request is Saticoy Bay's assertion that it needs more time to address the nature of the Sarah Lee Trust and the impact on this case of the Supreme Court's decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012 (2016). *See* Docket No. 44 at 2-3. As an initial matter, the Court notes that Saticoy Bay has already been provided ample opportunity to do so. On April 26, 2016, the Court ordered the parties to show cause why this case should not be

---

[1] This motion was improperly filed on an *ex parte* basis. *See, e.g.*, *Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, *1 (D. Nev. July 29, 2015). Accordingly, the Court required Saticoy Bay's counsel to serve the motion on opposing counsel and provided them an opportunity to respond. Docket No. 45. The other parties have not opposed the pending motion.

dismissed for lack of subject matter jurisdiction. Docket No. 16. The Court expressly noted that, for diversity jurisdiction purposes, the citizenship of a limited liability company is based on the citizenship of its members and specifically directed that sufficient information as to Saticoy Bay's citizenship had not been presented. *See id.* at 2. Saticoy Bay responded to that order to show cause by asserting that the members of Saticoy Bay did not want to be known publicly and stating instead that "[c]ounsel . . . can represent to the court . . . that each member of the defendant is a citizen of the state of Nevada." Docket No. 23 at 2.

On May 11, 2016, the Court noted several deficiencies with this response. Docket No. 29 at 2-3. The Court gave Saticoy Bay a further opportunity to establish the existence of subject matter jurisdiction in this case:

> The Court will afford one further opportunity to make a proper showing regarding diversity. <u>Counsel shall consult relevant legal authority, including but not limited to the authority outlined herein, and ensure that this further showing is sufficient for the Court to make a finding regarding [Saticoy Bay's] citizenship</u>.

*Id.* (emphasis added). Saticoy Bay responded to that order with a citation to a 2006 Ninth Circuit opinion that a trust's citizenship is based on the citizenship of its trustees, along with a declaration that Iyad Haddad is the trustee of the Sarah Lee Trust. Docket Nos. 31, 31-1.

On May 18, 2016, the Court set a show cause hearing on the issue for May 24, 2016. The Court noted inconsistencies in the representations that had been made by Saticoy Bay, and the continued failure to specify the relevant time frame of the information being provided. Docket No. 32 at 1. The Court further noted that in March of this year the Supreme Court had clarified the required inquiry regarding the citizenship of trusts for purposes of diversity jurisdiction in *Americold*, 136 S.Ct. 1012. Docket No. 32 at 2. The Court expressly ordered Saticoy Bay to be prepared to address the factual inconsistencies and timeframe issues identified, and that all parties "shall be prepared to address the showing required for Saticoy Bay's citizenship in light of *Americold*." Docket No. 32 at 2. In response to the order setting that hearing, Saticoy Bay filed a further written submission addressing its citizenship for purposes of

diversity jurisdiction. *See* Docket No. 35.[2]

At that show cause hearing, Saticoy Bay's counsel conceded that he had not even read *Americold* in preparation for that hearing and had failed to obtain information from his client such that he could explain basic facts that were at issue. *See, e.g.*, Hearing Rec. (5/24/2016) at 2:17 p.m.[3]  With respect to the former, Saticoy Bay's counsel explained that a suspended attorney who works in his office had told him that *Americold* was not applicable (apparently without further explanation). Hearing Rec. (5/24/2016) at 2:22 - 2:23 p.m. With respect to the latter, Saticoy Bay's counsel explained that his client had to date refused to provide factual information to him. *See, e.g.*, Hearing Rec. (5/24/2016) at 2:24 p.m. In short, despite the express mandate by the Court in its order setting the show cause hearing, Saticoy Bay's counsel was unprepared to address the basic issues before the Court.

Following that hearing, the Court issued a minute order allowing Saticoy Bay and Plaintiff to submit supplemental filings by 5:00 p.m. the next day. Docket No. 36.[4] Saticoy Bay filed a supplement stating that Iyad Haddad is the sole beneficiary and sole trustee of the Sarah Lee Trust. *See* Docket Nos. 38, 38-1. This latest filing failed to resolve the factual discrepancies identified by the Court and appeared to describe a trust that is a legal impossibility under Nevada law. *See* Docket No. 43 at 1. Accordingly, on June 1, 2016, the Court set a further hearing for June 10, 2016. *See id.* at 2. That latest order prompted the most recent motion seeking leave to brief the pertinent issues. *See* Docket No. 44 at 2-3.

In short, Saticoy Bay has already had <u>five opportunities</u> over a month-long period to explain what showing is required to establish its citizenship for purposes of diversity jurisdiction and what that citizenship is. *See* Docket Nos. 16, 23 (order to show cause and response); Docket No. 29, 31 (order requiring further showing and response); Docket Nos. 32, 35 (order setting show cause hearing and

---

[2] As discussed at the subsequent show cause hearing, this further written submission failed to establish Saticoy Bay's citizenship.

[3] A written transcript is not currently available, so the Court will cite to the audio recording.

[4] That deadline was set in accordance with the timeframe Saticoy Bay's counsel expressly requested at the hearing for the submission of supplemental materials. *See* Hearing Rec. (5/24/2016) at 2:35 p.m.

written supplement filed in response thereto); Docket Nos. 32, 37 (order setting show cause hearing and show cause hearing itself); Docket Nos. 36, 38 (order permitting supplement following show cause hearing and further supplement). Moreover, even when the Court has expressly identified the relevant issues to Saticoy Bay and its counsel, such as the need to review and address *Americold*, they have failed to provide a meaningful response.

Hence, Saticoy Bay's pending request seeks an sixth bite at the apple to explain the facts as they pertain to Saticoy Bay's citizenship and address the legal authority that governs the Court's analysis. Nonetheless, the Court will permit one further filing from Saticoy Bay. This further supplement must be filed no later than June 8, 2016. Saticoy Bay and its counsel are again urged to fully research the law and present a complete factual showing sufficient to establish its citizenship for diversity jurisdiction purposes. Accordingly, with respect to the request to submit another written supplement, the pending motion is **GRANTED** as outlined above.

The pending motion also seeks a continuance of the hearing currently set for June 10, 2016, which is hereby **DENIED**. This request is premised on counsel's unavailability for the hearing as currently set. *See* Docket No. 44 at 2. The Court instead **ADVANCES** the hearing to June 9, 2016, at 1:00 p.m. in Courtroom 3C. All requirements, including the personal appearance of Iyad Haddad, set forth in the order at Docket No. 43 apply to the advanced hearing.

IT IS SO ORDERED.

DATED: June 3, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge