# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00540-JCM-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| MOUNTAIN GATE HOMEOWNERS' ASSOCIATION, et al., | |
| Defendant(s). | |

Pending before the Court are declarations of the members of Hampton & Hampton LLC asserting their citizenship based entirely on their residency. Docket No. 50. Residency and citizenship are not co-extensive:

> The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). **The natural person's state citizenship is then determined by her state of domicile, not her state of residence**. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. *See Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986). **A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state**. *See, e.g., Weible v. United States,* 244 F.2d 158, 163 (9th Cir.1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile.").

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added).

Because the instant declarations improperly conflate residency and citizenship, the Court hereby **ORDERS** Hampton & Hampton LLC to file amended declarations consistent with *Kanter* by no later than noon on June 9, 2016.

IT IS SO ORDERED.

DATED: June 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge