UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,, <br><br> Plaintiff(s), <br><br> v. <br><br> MOUNTAIN GATE HOMEOWNERS ASSOCIATION, et al., <br><br> Defendant(s). | Case No. 2:16-CV-540 JCM (NJK) <br><br> ORDER |

Presently before the court is defendant Hampton & Hampton Collections, LLC's ("H&H") motion for summary judgment. (ECF No. 12). Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP ("BANA") filed a response (ECF No. 30), to which H&H replied (ECF No. 41).

**I.    Facts**

This case involves a dispute over real property located at 6408 Hillside Brook Avenue, Las Vegas, Nevada 89130 (the "property").

On November 11, 2009, Laura Greco obtained a loan in the amount of $93,279.00, which was secured by a deed of trust recorded on December 21, 2009. (ECF No. 1). The note and the deed were insured by Federal Housing Administration ("FHA"). (ECF No. 1).

On October 1, 2010, H&H, acting on behalf of defendant Mountain Gate Homeowners' Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $998.00. (ECF No. 1 at 4). On February 28, 2011, H&H recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $957.00. (ECF No. 1 at 4).

**James C. Mahan**
**U.S. District Judge**

The deed of trust was assigned to BANA via an assignment deed dated March 32, 2012. (ECF No. 1).

On March 27, 2014, H&H provided a ledger identifying a superpriority amount of $765.00 to BANA at BANA's request. (ECF No. 1 at 5). On April 10, 2014, BANA tendered payment to H&H in the amount of $765.00, of which H&H confirmed receipt on April 11, 2014. (ECF No. 1 at 5–6).

On July 9, 2014, H&H recorded a notice of trustee's sale, stating an amount due of $3,306.50. (ECF No. 1 at 4). On August 20, 2014, defendant Saticoy Bay LLC series 6408 Hillside Brook ("Saticoy") purchased the property at the foreclosure sale for $21,100.00. (ECF No. 1 at 6). A trustee's deed upon sale in favor of Saticoy was recorded on December 3, 2014. (ECF No. 1 at 6).

On March 10, 2016, BANA filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against H&H and the HOA; (3) wrongful foreclosure against H&H and the HOA; and (4) injunctive relief against Saticoy. (ECF No. 1).

In the instant motion, H&H moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 12).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

**James C. Mahan**
**U.S. District Judge**

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

In the instant motion, H&H maintains that dismissal is proper for three reasons: (1) H&H is not a proper party to BANA's quiet title claim because H&H claims no interest in the property; (2) the amount BANA tendered did not satisfy unpaid costs of collection or additional unpaid amounts due to the HOA so as to preclude BANA's wrongful foreclosure claim; and (3) NRS Chapter 116 authorized H&H to foreclose on the property upon an owners continued failure to pay periodic assessments so as to preclude BANA's breach of NRS 116.1113 claim. (ECF No. 12). The court will address each in turn.

#### A. Proper Party

H&H argues that dismissal of the quiet title claim is warranted because BANA's complaint fails to allege that H&H has asserted any interest in the property. (ECF No. 12 at 6). H&H maintains that because H&H claims no interest in the property, BANA's quiet title claim against H&H must be dismissed. (ECF No. 12 at 7).

The court disagrees. Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred*

James C. Mahan
U.S. District Judge

*Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

While H&H does not claim an interest in the property, it did act on behalf of the HOA and the HOA's interest. BANA challenges the validity of the foreclosure sale, wherein H&H executed the trustee's deed in favor of Saticoy. (ECF No. 1). Further, H&H acted on behalf of the HOA in recording the notices relevant to the foreclosure sale, as well as conducting the foreclosure sale itself. BANA seeks declaratory relief regarding the validity of the foreclosure sale, rendering H&H's conduct at issue. Thus, H&H is a proper party to BANA's quiet title claim.

Accordingly, court will deny H&H's motion for summary judgment as to this claim.

**B.  Insufficient Tender**

H&H contends that dismissal of BANA's wrongful foreclosure claim is proper because BANA fails to allege that the owner was not in default to the HOA. (ECF No. 12 at 8). H&H further argues that "the mere tender of nine months' worth of assessments [does not] prohibit foreclosure at a later time if the unit owner continues to fail to pay assessments." (ECF No. 12 at 8).

NRS 116.3116(1) gives an HOA a lien on its homeowners' residences for "any assessment levied against that unit or any fines imposed against the unit's owner from the time the . . . assessment or fine becomes due." Nev. Rev. Stat. § 116.3116(1).

NRS 116.3116(2) provides that a first deed of trust has priority over an HOA lien. Nev. Rev. Stat. § 116.3116(2); *see also* Nev. Rev. Stat. § 116.3116(2)(b) ("A lien under this section is prior to all other liens and encumbrances on a unit except . . . [a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent . . . .").

However, NRS 116.3116(2) also states that the HOA lien has superpriority status over a first deed of trust "to the extent of the assessments . . . which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien . . . ." Nev. Rev. Stat. § 116.3116(2). As the Nevada Supreme Court has explained,

> As to first deeds of trust, NRS 116.3116(2) thus splits an HOA lien into two pieces, a superpriority piece and a subpriority piece. The superpriority piece, consisting of the last nine months of unpaid HOA dues and maintenance and nuisance-abatement

**James C. Mahan**
**U.S. District Judge**

- 5 -

charges, is "prior to" a first deed of trust. The subpriority piece, consisting of all other HOA fees or assessments, is subordinate to a first deed of trust.

*SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 411 (Nev. 2014).

More specifically, the superpriority lien portion consists of "the last nine months of unpaid HOA dues ***and maintenance and nuisance-abatement charges***," while the subpriority piece consists of "all other HOA fees or assessments." *Id.* (emphasis added); *see also 7912 Limbwood Ct. Trust*, 979 F. Supp. 2d at 1150 ("The superpriority lien consists only of unpaid assessments and certain charges specifically identified in § 116.31162.").

The holder of a first deed of trust may pay off the superpriority interest in order to keep its interest from being extinguished upon foreclosure of an HOA superpriority lien. *See id.* at 414 ("But as a junior lienholder, U.S. Bank could have paid off the SHHOA lien to avert loss of its security . . . ."); *7912 Limbwood Ct. Trust v. Wells Fargo Bank, N.A., et al.*, 979 F. Supp. 2d 1142, 1149 (D. Nev. 2013) ("If junior lienholders want to avoid this result, they readily can preserve their security interests by buying out the senior lienholder's interest.") (citing *Carillo v. Valley Bank of Nev.*, 734 P.2d 724, 725 (Nev. 1987); *Keever v. Nicholas Beers Co.*, 611 P.2d 1079, 1083 (Nev. 1980)).

These cases establish a plaintiff's rights in the face of a HOA superpriority lien. Pursuant to the foregoing statute, the HOA's superpriority interest is limited to nine months of assessments and maintenance and nuisance-abatement charges. If BANA paid this amount in full, the HOA's remaining interest is subordinate to BANA's first deed of trust.

At BANA's request, H&H provided a ledger identifying a superpriority amount of $765.00 to BANA on March 27, 2014. (ECF No. 1 at 5). On April 10, 2014, BANA tendered payment to H&H in the amount of $765.00, which H&H confirmed receiving on April 11, 2014. (ECF No. 1 at 5–6).

H&H does not dispute that BANA tendered this payment. Rather, H&H argues that the amount tendered ($765.00) by BANA did not satisfy the unpaid costs of collection or additional unpaid amounts due to the HOA so as to render the foreclosure proper. (ECF No. 12 at 8–9).

H&H, however, fails to set forth any evidence to negate $765.00 as the superpriority amount. Nor does H&H substantiate any costs in addition to the $765.00 as proper under NRS

James C. Mahan
U.S. District Judge

- 6 -

116.31162. Thus, H&H has not met its initial summary judgment burden and the court need not consider BANA's evidence. *See Adickes*, 398 U.S. at 159–60.

Accordingly, H&H's motion for summary judgment will be denied as to this claim.

**C. Authorization to Foreclose**

H&H contends that BANA's breach of NRS 116.1113 claim fails as a matter of law because H&H had no obligation of good faith as no contract existed between H&H and BANA. (ECF No. 12 at 9). H&H thus maintains that NRS Chapter 116 authorized H&H to foreclose on the property upon an owners continued failure to pay periodic assessments so as to preclude BANA's breach of NRS 116.1113 claim.

The court disagrees. NRS 116.3116 codifies the Uniform Common Interest Ownership Act ("UCIOA") in Nevada. *See* Nev. Rev. Stat. § 116.001 ("This chapter may be cited as the Uniform Common-Interest Ownership Act"); *SFR Investments Pool 1, LLC*, 334 P.3d at 410. NRS Chapter 116 includes an obligation of good faith. *See* Nev. Rev. Stat. § 116.1113 ("Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement."). Furthermore, numerous courts have interpreted the UCIOA and NRS 116.3116 as imposing a commercial reasonableness standard on foreclosure of association liens.[1]

H&H fails to set forth any evidence or argument as to the reasonability of the foreclosure sale. Rather, H&H incorrectly focuses on the lack of a contract between H&H and BANA. Because H&H has failed to meet its initial burden, summary judgment is not appropriate.

Accordingly, the court will deny H&H's motion for summary judgment as to this issue.

---

[1] *See, e.g.*, *Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, 962 F. Supp. 2d 1222, 1229 (D. Nev. 2013) ("[T]he sale for $10,000 of a Property that was worth $176,000 in 2004, and which was probably worth somewhat more than half as much when sold at the foreclosure sale, raises serious doubts as to commercial reasonableness."); *SFR Investments Pool 1, LLC*, 334 P.3d at 418 n.6 (noting bank's argument that purchase at association foreclosure sale was not commercially reasonable); *Thunder Props., Inc. v. Wood*, No. 3:14-cv-00068-RCJ-WGC, 2014 WL 6608836, at *2 (D. Nev. Nov. 19, 2014) (concluding that purchase price of "less than 2% of the amounts of the deed of trust" established commercial unreasonableness "almost conclusively"); *Rainbow Bend Homeowners Ass'n v. Wilder*, No. 3:13-cv-00007-RCJ-VPC, 2014 WL 132439, at *2 (D. Nev. Jan. 10, 2014) (deciding case on other grounds but noting that "the purchase of a residential property free and clear of all encumbrances for the price of delinquent HOA dues would raise grave doubts as to the commercial reasonableness of the sale under Nevada law"); *Will v. Mill Condo. Owners' Ass'n*, 848 A.2d 336, 340 (Vt. 2004) (discussing commercial reasonableness standard and concluding that "the UCIOA does provide for this additional layer of protection").

James C. Mahan
U.S. District Judge

- 7 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that H&H's motion for summary judgment (ECF No. 12) be, and the same hereby is, DENIED.

DATED February 17, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**