UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A.,, <br><br> Plaintiff(s), <br><br> v. <br><br> MOUNTAIN GATE HOMEOWNERS ASSOCIATION, et al., <br><br> Defendant(s). | Case No. 2:16-CV-540 JCM (NJK) <br><br> ORDER |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") "motion to amend and re-enter order and judgment." (ECF No. 97). None of the defendants filed a response, and the time to do so has passed.

I.  **Background**

On March 10, 2016, BANA filed a complaint alleging four causes of action: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against defendants Hampton & Hampton Collections, LLC ("H&H") and Mountain Gate Homeowners' Association ("Mountain Gate"); (3) wrongful foreclosure against H&H and Mountain Gate; and (4) injunctive relief against defendant Saticoy Bay LLC Series 6408 Hillside Brook ("Saticoy Bay"). (ECF No. 1). On April 1, 2016, Saticoy Bay filed a counterclaim against BANA for quiet title and declaratory relief. (ECF No. 6).

On April 12, 2017, the court entered an order (1) denying BANA's motion for summary judgment, (2) granting Saticoy Bay's motion for summary judgment, and (3) granting Mountain Gate's motion for summary judgment. (ECF No. 83). BANA filed a notice of appeal on May 2, 2017. (ECF No. 85). On April 3, 2019, the Ninth Circuit vacated the court's order and remanded

1  this case "for further proceedings consistent with the opinion in *Bank of America, N.A. v. Arlington*
2  *West Twilight Homeowners Association*." (ECF No. 91).

3  On April 15, 2019, the court entered an order (1) granting BANA's motion for summary
4  judgment, (2) denying Saticoy Bay's motion for summary judgment, and (3) denying Mountain
5  Gate's motion for summary judgment ("post-appeal summary judgment order"). (ECF No. 92).
6  The court entered this order before the Ninth Circuit issued its mandate. (ECF No. 96).

7  Now, pursuant to Federal Rule of Civil Procedure 60, BANA requests that the court amend
8  and reenter its post-appeal summary judgment order and judgment "so they post-date the mandate
9  and expressly grant BANA judgment on Saticoy Bay's quiet title counterclaim." (ECF No. 97).

10 **II.    Legal Standard**

11 Pursuant to Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical
12 mistake or a mistake arising from oversight or omission whenever one is found in a judgment,
13 order, or other part of the record." Fed. R. Civ. P. 65(a). The rule further states that "[t]he court
14 may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 65(a).

15 The difference between "'clerical mistakes' and mistakes that cannot be corrected pursuant
16 to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of
17 instances where the court changes its mind." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297
18 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

19 **III.   Discussion**

20 BANA's motion contains two separate requests for relief. First, BANA requests that the
21 court amend its order and judgment to "expressly resolve" Saticoy Bay's quiet title counterclaim.
22 (ECF No. 97). Second, BANA requests that the court reenter its order and judgment so that they
23 post-date the Ninth Circuit's mandate. *Id*. The court will address each request in turn.

24    *a. Saticoy Bay's quiet title counterclaim*

25 In the post-appeal summary judgment order, the court "grant[ed] summary judgment on
26 BANA's quiet title claim" and dismissed "all non-quiet title claims." (ECF No. 92). The court
27 did not expressly address Saticoy Bay's quiet title counterclaim. *See id*.

28

**James C. Mahan**
**U.S. District Judge**

Because the court granted summary judgment in favor of BANA on its quiet title claim, there is no question that the court originally intended to also grant summary judgment in favor of BANA on Saticoy Bay's quiet title counterclaim. Because a grant of summary judgment in favor of BANA on Saticoy Bay's quiet title counterclaim does not deviate from the court's original intention, Rule 60(a) is the appropriate vehicle to correct its order. The post-appeal summary judgment order (ECF No. 92) is therefore corrected, on page 8, lines 5–7, to state:

> In light of the foregoing, the court will grant summary judgment in favor of BANA on BANA's quiet title claim and will grant summary judgment in favor of BANA on Saticoy Bay's quiet title counterclaim. The court will also dismiss all non-quiet title claims as it has adjudicated all pertinent issues in this case.

   b. *Reentry of order and judgment*

By issuing the post-appeal summary judgment order on April 15, 2019, the court complied with the Ninth Circuit's directive, but inadvertently entered the order before receiving the Ninth Circuit's mandate. (*See* ECF Nos. 92, 96).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Jurisdiction returns to the district court, for such proceedings as may be appropriate, upon issuance of the mandate. *See Johnson v. Bechtel Assoc. Prof'l Corp.*, 801 F.2d 412, 415 (D.C. Cir. 1986).

Because entry of the post-appeal summary judgment order before the mandate issued was a mere oversight, Rule 60(a) is the appropriate vehicle for the court to order reentry of the post-appeal summary judgment order and judgment. BANA is therefore instructed to prepare and file a proposed order and judgment, consistent with the amendment set forth in section III.a above, within fourteen (14) days of the date of this order.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that BANA's "motion to amend and re-enter order and judgment" (ECF No. 97) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

IT IS FURTHER ORDERED that the post-appeal summary judgment order (ECF No. 92) be, and the same hereby is, corrected, on page 8, lines 5–7, to state:

> In light of the foregoing, the court will grant summary judgment in favor of BANA on BANA's quiet title claim and will grant summary judgment in favor of BANA on Saticoy Bay's quiet title counterclaim. The court will also dismiss all non-quiet title claims as it has adjudicated all pertinent issues in this case.

IT IS FURTHER ORDERED that the April 15, 2019 entry of judgment (ECF No. 93) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that BANA shall prepare and file a proposed order and judgment, consistent with the amendment set forth in section III.a above, within fourteen (14) days of the date of this order.

DATED March 3, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -